FILED by _____ D.C.

APR 2 0 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.

06 - 20975

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**JOHN P. UTSICK,**
**ROBERT YEAGER,**
**DONNA YEAGER,**
**WORLDWIDE ENTERTAINMENT, INC.,**
**THE ENTERTAINMENT GROUP FUND, INC.**
**AMERICAN ENTERPRISES, INC.  and**
**ENTERTAINMENT FUNDS, INC.,**

Defendants,

_____/

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, _____

APR 2 7 2006

**GREGORY C. LANGHAM**
**CLERK**
_____

CIV - UNCARO - RENAGES

06 - MC - 0022

MAGISTRATE JUDGE
O'SULLIVAN

## ORDER APPOINTING RECEIVER

WHEREAS, Plaintiff Securities and Exchange Commission has filed an agreed motion for

the appointment of a Receiver for Defendants Worldwide Entertainment, Inc. ("Worldwide"),

The Entertainment Group Fund, Inc. ("Entertainment Group"), American Enterprises, Inc.

("American Enterprises") and Entertainment Funds, Inc. ("Entertainment Funds") (collectively

"Defendants"), with full and exclusive power, duty, and authority to: administer and manage the

business affairs, funds, assets, choses in action and any other property of the Defendants;

marshal and safeguard all of the assets of the Defendants; and take whatever actions are

necessary for the protection of the investors; and

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

Y _____
                    Deputy Clerk
Date  4/25/06

12/pt

**WHEREAS,** the Commission has set forth grounds for appointment of a receiver over Defendants and represented that Defendants have consented to the appointment of a receiver; and

**WHEREAS,** the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of the Defendants including any properties, assets and other items held in the names of the Defendants' principals, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court; and

**WHEREAS,** the Defendants have agreed to the appointment of a Receiver;

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** that _Michael I. Goldberg_ is hereby appointed the Receiver for the Defendants, their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1.     Take immediate possession of all the Defendants' property, assets and estates, and all other property of the Defendants of every kind whatsoever and wheresoever located belonging to or in the possession of the Defendants, including but not limited to all offices maintained by the Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the Defendants wherever situated, and to administer such assets as required to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2.     Investigate the manner in which the affairs of the Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver

may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in the Defendants, including against the Defendants, their officers, directors, employees, affiliates, subsidiaries or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in the Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3.    Present to this Court a report reflecting the existence and value of the assets of the Defendants and of the extent of liabilities, both those claimed to exist by others and those which the Receiver believes to be legal obligations of the Defendants;

4.    Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the Defendants' assets and business, and exercising the power granted by this Order, and approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

5.    Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshals Service or a private security firm;

6.    Defend, compromise or settle legal actions, including the instant proceeding, in which the Defendants or the Receiver is a party, commenced either prior to or subsequent to this

3

Order, with authorization of this Court; except, however, in actions where the Defendants are nominal parties, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of the Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by the Defendants;

7.      Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Defendants and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8.      Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging the Receiver's duties;

9.      Have access to and review all mail of the Defendants, and the mail of Jack Utsick, Robert Yeager, and Donna Yeager (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office of the Defendants. All mail addressed to Jack Utsick, Robert Yeager, or Donna Yeager that is opened by the Receiver that, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy.

**IT IS FURTHER ORDERED** that, in connection with the appointment of the Receiver provided for above:

10.     The Defendants, and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any

4

assets, books, records, or other property of the Defendants shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Defendants;

11.     All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, the Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12.     Unless authorized by the Receiver, the Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Defendants;

13.     The Defendants and their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver.  The Defendants and their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14.     The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Defendants; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval by the Court;

15.     During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Defendants;

16.     The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to the Defendants;

17.     Title to all property, real or personal, all contracts, rights of action and all books and records of the Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18.     Upon request by the Receiver, any company providing telephone services to the Defendants shall provide a reference of calls from the number presently assigned to the Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19.     Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20.     The United States Postal Service is directed to provide any information requested by the Receiver regarding the Defendants, and to handle future deliveries of the mail of the Defendants as directed by the Receiver;

21.     No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help

whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22.     No bond shall be required in connection with the appointment of the Receiver. Except for acts of willful misconduct or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Defendants or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23.     Service of this Order shall be sufficient if made upon the Defendants and their principals by facsimile or overnight courier;

24.     In the event that the Receiver discovers that funds of persons who have invested in the Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds; and

25.     This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** this _20_ day of _April_, 2006, at _Miami_, Florida.

_____
**UNITED STATES DISTRICT JUDGE**
**PAUL C. HUCK**

Copies to:

All counsel and parties of record.